UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: LISA MARIE EVANS Debtor, | ) | |
| Bankruptcy Case No. 13-01910-FJO-13, | ) | |
| | ) | |
| RAYMOND F. EVANS, | ) | |
| | ) | |
| *Appellant/Plaintiff,* | ) | |
| | ) | No. 1:14-cv-01134-JMS-MJD |
| vs. | ) | |
| | ) | |
| LISA MARIE EVANS, | ) | |
| | ) | |
| *Appellee/Defendant.* | ) | |
| | ) | |

## ORDER

In June 2013, Appellant/Plaintiff Raymond F. Evans filed a Complaint to Determine Dischargeability of Debt in the bankruptcy proceedings of Appellee/Defendant Lisa Marie Evans. [Filing No. 3-1.] In relevant part, Mr. Evans alleged that Ms. Evans, with intent to defraud and acting under false pretenses, retained an overpayment of child support after the parties' daughter was no longer enrolled in post-secondary education. [Filing No. 3-1 at 1.] Mr. Evans asked the Bankruptcy Court to find Ms. Evans' alleged indebtedness to him non-dischargeable pursuant to the discharge exception set forth in 11 U.S.C. § 523(a)(2)(A).[1] The Bankruptcy Court ruled against Mr. Evans after a bench trial, finding that he had "failed to carry his burden of proof" on this issue.

---

[1] Mr. Evans also asked the Bankruptcy Court to find the debt at issue non-dischargeable pursuant to 11 U.S.C. § 523(a)(5) (domestic support), [Filing No. 3-1 at 2], but the Bankruptcy Court denied that request, [Filing No. 3-6 at 5]. Mr. Evans does not challenge that determination. [Filing No. 4.] Thus, the Court agrees with Ms. Evans that Mr. Evans has waived any challenge to that portion of the Bankruptcy Court's decision. [Filing No. 17 at 7 (citing *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 758 (7th Cir. 2012) ("because appellants did not raise this issue in their opening briefs, they waived any argument on this ruling")).]

[Filing No. 3-6 at 8.] Mr. Evans appeals that decision to this Court. [Filing No. 1.] For the reasons that follow, this Court affirms the decision of the Bankruptcy Court.

# I.
## BACKGROUND

The following facts are taken primarily from the Bankruptcy Court's Order at issue on appeal, [Filing No. 3-6], and are undisputed unless otherwise noted.

Mr. Evans and Ms. Evans are the divorced parents of a daughter born in 1990 and a son who was emancipated in 2008. [Filing No. 3-6 at 3; Filing No. 9 at 4.] During the relevant time period, Mr. Evans' wages were subject to an income withholding order issued by the Shelby Circuit Court titled "Agreed Entry on Child Support, College Expenses and Investment Accounts for Minor Children" (the "Support Agreement"). [Filing No. 9 at 4-5.] The Support Agreement provided that Mr. Evans owed Ms. Evans money for, among other things, arrearages, accrued college expenses for both children, and money removed from each child's college Fidelity account. [Filing No. 9 at 4-5.] Their daughter was enrolled in college classes at some point between the time she completed high school and the time she turned 21 years old. [Filing No. 3-6 at 3.] She stopped attending those classes in July 2010. [Filing No. 3-6 at 3; Filing No. 4-1 at 12.] There was very little contact, if any, between Mr. Evans and Ms. Evans or Mr. Evans and his daughter during the relevant time period. [Filing No. 3-6 at 3.] Mr. Evans' wage withholding stopped automatically after his daughter turned 21 years old. [Filing No. 3-6 at 3.]

On October 5, 2012, Mr. Evans filed a motion in state court requesting reimbursement for what he characterized as overpayment of his child support obligations. [Filing No. 3-6 at 3.] On March 6, 2013, Ms. Evans filed a Chapter 13 Bankruptcy Petition, listing Mr. Evans as an unsecured creditor with an unknown amount of debt. [Filing No. 3-6 at 3.] On June 10, 2013, Mr.

Evans filed a Complaint to Determine Dischargeability against Ms. Evans, claiming that Ms. Evans' debt from his alleged overpayment should be non-dischargeable. [Filing No. 3-1.]

The Bankruptcy Court held a trial on Mr. Evans' Complaint on February 13, 2014. [Filing No. 3-6 at 1.] Both parties were present with their counsel and testified under oath. [Filing No. 3-6 at 1-2.] On May 27, 2014, the Bankruptcy Court issued its ruling, finding in relevant part as follows:

- 11 U.S.C. § 523(a)(2)(A) required Mr. Evans "to put forth evidence of fraud or false statements; fraud being the misrepresentation of a material fact."

- Mr. Evans "admitted there was virtually no contact at all between the parties, and therefore, no statements were made to him by [Ms. Evans] about [his daughter's] status as a student."

- "[T]here has been no showing by [Mr. Evans] of any 'false' statement (if any statement at all) made to him by [Ms. Evans] for him to prevail under [11 U.S.C. § 523(a)(2)(A)]."

- Mr. Evans "failed to put forth sufficient factual evidence or case law to support that an affirmative duty existed for [Ms. Evans] to keep him informed about [their daughter's] status as a student."

- "[T]he issue of whether [their daughter] was in fact emancipated during this time period is not properly before this [Bankruptcy] Court."

- Mr. Evans "put on no evidence that [Ms. Evans] knew or was aware that there was an overpayment, and it is still not clear there was an 'overpayment' as [Mr. Evans] asserts."

- "Based on the foregoing, the [Bankruptcy] Court concludes that [Mr. Evans] failed to carry his burden of proof to prove his case under 11 U.S.C. § 523(a)(2)(A)."

[Filing No. 3-6 at 5-8.]  Mr. Evans appeals the Bankruptcy Court's decision to this Court for review.  [Filing No. 1.]

## II.
### APPLICABLE STANDARD OF REVIEW

28 U.S.C. § 158(a) confers jurisdiction upon this Court to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  In reviewing a decision from a bankruptcy court, this Court examines determinations of law *de novo* and findings of fact for clear error.  *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, (1948)).  "Credibility of witnesses is a matter for the bankruptcy court to assess as the finder of fact."  *Hayes v. Hofstetter*, 2001 WL 1385900, at *3 (S.D. 2001).

The Bankruptcy Code is construed "liberally in favor of the debtor and strictly against the creditor."  *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002).  That said, bankruptcy protection and discharge "may be denied to a debtor who was less than honest."  *Id.* "If a creditor demonstrates by a preponderance of the evidence that the debtor actually intended to hinder, delay, or defraud a creditor, the court can deny the discharge."  *Id.*

## III.
### DISCUSSION

Mr. Evans claims that Ms. Evans' alleged debt to him should not be discharged in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A) because the money was obtained under false pretenses.  [Filing No. 4 at 7-8.]  He contends that Ms. Evans had a duty to inform him that their

daughter was no longer attending college classes and that, had he known this, he would have pursued a determination in state court to terminate his income withholding because their daughter was allegedly emancipated. [Filing No. 4 at 7-9.] Mr. Evans argues that payments after his daughter's alleged emancipation were not voluntary and that Ms. Evans' silence constitutes false pretenses. [Filing No. 4 at 7-9.] He contends that the Bankruptcy Court applied the wrong standard for determining the discharge exception set forth in 11 U.S.C. § 523(a)(2)(A).[2] [Filing No. 4 at 7-10.]

Ms. Evans disputes Mr. Evans' arguments. [Filing No. 17.] She argues that the Bankruptcy Court applied the correct legal standard and that its decision regarding the dischargeability of her alleged debt to Mr. Evans should be affirmed. [Filing No. 17 at 11-14.] She emphasizes that Mr. Evans has cited no case law regarding any alleged duty to keep him informed regarding their daughter's education status, and she claims that Mr. Evans erroneously assumes that his ongoing child support obligations were tied to that status. [Filing No. 17 at 15.] Ms. Evans points to the Bankruptcy Court's conclusion that Mr. Evans put forth no evidence that Ms. Evans was aware of the alleged overpayment, which negates the requisite intent for the false pretenses exception. [Filing No. 17 at 16-17.]

### A. Standard for 11 U.S.C. § 523(a)(2)(A)

11 U.S.C. § 523(a)(2)(A) provides an exception to bankruptcy discharge from any debt for money obtained by "false pretenses, a false representation, or actual fraud." For the exception to

---

[2] Mr. Evans' brief lists five issues presented on appeal. [Filing No. 4 at 4.] The argument section of that brief, however, presents all of his argument in one section with no headings. [Filing No. 4 at 7-11.] The Court has done its best to address the arguments Mr. Evans developed; however, to the extent it has not addressed an argument he intended to raise, the Court finds it waived for lack of cogent development. *See Maltby v. Winston*, 36 F.3d 548, 564 (7th Cir. 1994) ("We often have stated that summary arguments unsupported by authority are waived.").

apply, the creditor is required to show (1) that the debtor "made a false representation or omission, which [she] either knew was false or made with reckless disregard for the truth;" (2) that the debtor "possessed an intent to deceive or defraud;" and (3) that the creditor "justifiably relied on the false representation." *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011).

It is undisputed that Mr. Evans and Ms. Evans had very little, if any, communication during the relevant time period. The parties dispute whether § 523(a)(2)(A) required Mr. Evans to present evidence that Ms. Evans made a false statement regarding their daughter's college status. In relevant part, the Bankruptcy Court concluded that § 523(a)(2)(A) "requires that [Mr. Evans] put forth evidence of fraud or false statements" but that "no statements were made to [Mr. Evans] by [Ms. Evans] about [their daughter's] status as a student. Based on the lack of evidence which [Mr. Evans] brought forth, there has been no showing by [Mr. Evans] of any 'false' statement (if any statement at all) made to him by [Ms. Evans] for him to prevail under this code section." [Filing No. 3-6 at 5-6.]

Mr. Evans relies on out-of-circuit authority to support his argument that the Bankruptcy Court erred by requiring him to put forth evidence of false statements to obtain the discharge exception in 11 U.S.C. § 523(a)(2)(A). [Filing No. 4 at 8 (citing bankruptcy cases from the Eastern District of New York)).] While the Court is not bound by that case law, it is bound by the Seventh Circuit's decision in *McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000). *McClellan* held that a debt may be non-dischargeable pursuant to § 523(a)(2)(A) despite the fact that the debtor did not make an actual misrepresentation to the creditor. 217 F.3d at 893 (holding that "[m]ost frauds do involve misrepresentation . . . [b]ut section 523(a)(2)(A) is not limited to fraudulent misrepresentation"); *see also In re Gard*, 327 B.R. 372, 375-76 (N.D. Ind. 2003) (summarizing the holding of *McClellan* as "that a debt may be held non-dischargeable as a result of fraud even

though the debtor made no representations to the plaintiff").  In fact, "[r]ather than looking for representations which might have been made, *McClellan* requires the court to focus upon the debtor's intent.  So long as the debtor acted with the 'intent to defraud' it does not matter whether the fraud 'was implemented by a misrepresentation or by some other improper means.'"  *In re Gard*, 327 B.R. at 375-76 (quoting *McClellan*, 217 F.3d at 894).

To the extent that the Bankruptcy Court believed that 11 U.S.C. § 523(a)(2)(A) required Mr. Evans to present evidence of false statements by Ms. Evans, [Filing No. 3-6 at 5-6], this Court concludes that is inconsistent with *McClellan*.  Any error is harmless, however, because the Bankruptcy Court also concluded that Mr. Evans was not entitled to the claimed discharge exception since he had not put forth any evidence of Ms. Evans' alleged intent to defraud him. [Filing No. 3-6 at 7.]  For the reasons set forth below, the Court agrees with Ms. Evans that that conclusion was not clearly erroneous.  Thus, any error regarding the necessity of a fraudulent statement or misrepresentation was harmless.

### B. Evidence of Intent to Deceive

Mr. Evans challenges the Bankruptcy Court's determination that he failed to present evidence that Ms. Evans intended to deceive him.  [Filing No. 4 at 7-9.]  He contends that the evidence shows that Ms. Evans knew that their daughter was not attending college, that Ms. Evans continued to accept and spend the money deposited into her account through the wage withholding order, and that she "controlled the information which could have informed [Mr. Evans] that his lawful duty of support had ended by virtue of the child's emancipation."  [Filing No. 4 at 8.]  Mr. Evans argues that his alleged overpayments were not voluntary and that the only logical inference is that Ms. Evans had the requisite intent to deceive him, such that 11 U.S.C. § 523(a)(2)(A) renders the alleged debt non-dischargeable.  [Filing No. 4 at 8-9.]

In response, Ms. Evans disputes that she had the requisite intent. [Filing No. 17 at 16-17.] She emphasizes that the Bankruptcy Court found that Mr. Evans put forth no evidence of any intent to deceive. [Filing No. 17 at 16.] She claims that their daughter's college attendance had no effect on Mr. Evans' ongoing child support obligations and urges this Court to defer to the Bankruptcy Court's decision. [Filing No. 17 at 17.]

A creditor seeking non-dischargeability pursuant to 11 U.S.C. § 523(a) is required to establish the applicable exception by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991). To invoke 11 U.S.C. § 523(a), among other things, the creditor is required to show that the debtor "possessed an intent to deceive or defraud." *In re Davis*, 638 F.3d at 553. "The intent to defraud must be actual and cannot be constructive." *Vill. of San Jose*, 284 F.3d at 790; *see also McClellan*, 217 F.3d at 894 ("The fraud exception to the dischargeability of debts in bankruptcy does not reach constructive frauds, only actual ones."). "[B]ecause it is unlikely that the debtor will admit fraud, intent may be established by circumstantial evidence." *Vill. of San Jose*, 284 F.3d at 790.

Whether a debtor possessed the requisite intent "is a question of fact, which is subject to the highly deferential 'clearly erroneous' standard of review." *In re Davis*, 638 F.3d at 553. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wiese*, 552 F.3d at 588. "Credibility of witnesses is a matter for the bankruptcy court to assess as the finder of fact." *Hayes*, 2001 WL 1385900, at *3.

This Court concludes that the Bankruptcy Court's decision that Mr. Evans failed to present any evidence of Ms. Evans' alleged intent to deceive him is not clearly erroneous. Nothing in the parties' Support Agreement required Ms. Evans to keep Mr. Evans informed regarding their

daughter's educational status, [Filing No. 9 at 4-6], and Mr. Evans cites nothing supporting a statutory or common law duty to do so. [Filing No. 4 at 10.] The payments at issue were not specifically tied to their daughter's educational status; instead, the parties' Support Agreement required income withholding from Mr. Evans for, among other things, arrearages, accrued college expenses for both children, and money removed from each child's college Fidelity account. [Filing No. 9 at 4-5.] In fact, as the Bankruptcy Court recognized, it is still not clear that Mr. Evans overpaid Ms. Evans at all. [Filing No. 3-6 at 7.]

It was Mr. Evans' burden to present evidence showing by a preponderance of the evidence that, among other things, Ms. Evans possessed the requisite intent to deceive or defraud him. Instead, Mr. Evans has not even convincingly shown that he overpaid Ms. Evans.[3] Mr. Evans and Ms. Evans both testified at the hearing before the Bankruptcy Court. [Filing No. 4-1.] That court was in the best position to observe their demeanors, judge their credibility, and determine the ultimate fact issue regarding whether Ms. Evans possessed the requisite intent. *In re Davis*, 638 F.3d at 553; *Hayes*, 2001 WL 1385900, at *3. Because Mr. Evans has not shown that the Bankruptcy Court's conclusion was clearly erroneous, this Court affirms the Bankruptcy Court's

---

[3] This is important not because Mr. Evans was required to show a specific amount that Ms. Evans owed him to obtain the discharge exception—he was not—but his failure to convincingly establish that a debt exists at all cuts against his argument that Ms. Evans had the intent necessary to deceive him.

decision that the alleged debt at issue is not subject to the discharge exception set forth in 11 U.S.C.
§ 523(a)(2)(A).[4]

## IV.
### CONCLUSION

For the reasons stated herein, the Court **AFFIRMS** the decision of the Bankruptcy Court
in this matter. Final judgment shall issue accordingly.

February 27, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Keith Eirik Gifford
BATOR REDMAN BRUNER SHIVE & LUDWIG PC
kgifford@redmanludwig.com

Paul Daniel Ludwig
BATOR REDMAN BRUNER SHIVE & LUDWIG, PC
pludwig@redmanludwig.com

Kayla D. Britton
FAEGRE BAKER DANIELS LLC -- Indianapolis North
kayla.britton@FaegreBD.com

Dustin R. DeNeal
FAEGRE BAKER DANIELS LLP - Indianapolis
dustin.deneal@faegrebd.com

---

[4] Ms. Evans also argues that Mr. Evans failed to prove the third element of 11 U.S.C.
§ 523(a)(2)(A)—that he "justifiably relied on the false representation." *In re Davis*, 638 F.3d at
553. [Filing No. 17 at 17-18.] Ms. Evans points to an admission by Mr. Evans at the hearing that
he had "heard rumors" that his daughter was no longer enrolled in college and "hired a private
investigator." [Filing No. 4-1 at 26-27.] Ms. Evans argues that "[t]he fact that [Mr. Evans] hired
a private investigator to determine [his daughter's] enrollment status negates any assertion of
actual reliance on [Ms. Evans]." [Filing No. 17 at 18.] While this is a fair point, the Bankruptcy
Court did not reach the justifiable reliance element of 11 U.S.C. § 523(a)(2)(A), and this Court
need not either.